**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**HITESH R. DESAI**                                                                **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 3:05cv583WS**

**MISSISSIPPI COMMISSION FOR VOLUNTEER
SERVICE AND MARSHA MEEKS KELLY**                            **DEFENDANTS**

**ORDER**

Before this court is defendant Marsha Meeks Kelly's [hereinafter Kelly] motion to

dismiss [docket # 6], said motion having been filed pursuant to Federal Rule of Civil

Procedure 12(b)(6).[1]   Plaintiff Hitesh R. Desai (hereinafter "Desai") alleges employment

discrimination on the basis of race and ethnicity, retaliation,[2] and intentional infliction of

emotional distress.  Relying upon Title VII of the Civil Rights Act[3] and a state law claim,

he seeks reinstatement, back pay, actual and punitive damages, attorney's fees, and

costs.  In her motion to dismiss, Kelly argues that she is not a proper defendant here.

 Plaintiff Desai opposes the motion.  Plaintiff, in his response to this motion, seeks

leave to amend his complaint in order to include a claim under Title 42 U.S.C. § 1983.[4]

---

[1]Fed. R. Civ. Proc. 12(b)(6) permits a defendant to assert by motion a defense that plaintiff has failed to "state a claim upon which relief may be granted."

[2]Plaintiff's retaliation claim is two-fold; plaintiff alleges retaliatory action both for the filing of an EEOC charge and for reporting Kelly for "irregular and illegal expense reimbursement activities."  See Amended Complaint ¶¶ 38-46.

[3]Title 42 U.S.C.A. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of an individual's "race, color, religion, sex, or national origin."

[4]Title 42 U.S.C.A. § 1983 authorizes civil suit for damages by an aggrieved party subjected to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States under color of state law.

Plaintiff contends that such amendment would not prejudice the defendants because the facts underlying the § 1983 claim "arise out of the same factual circumstances and between the same parties as set forth in Plaintiff's initial complaint."

## Facts and Procedural Background

Defendant Mississippi Commission for Volunteer Service [hereinafter MCVS] employed plaintiff Desai in its Jackson, Mississippi, office from March 14, 1994, until his termination on August 10, 2005.  MCVS hired Desai as Grants Manager but promoted him in 1996 to the position of Director of Finance and Administration.  He remained in that position until his termination.  Defendant Kelly occupied the position of Executive Director of MCVS during the time period which forms the basis for plaintiff's claims.

Desai alleges that beginning in 2003, Kelly singled him out for adverse disparate treatment based on Desai's race and national origin.[5]  According to Desai, Kelly required Desai to provide explanations of time sheets while Kelly did not require white employees to do so.  Desai further charges that Kelly discriminatorily:  reprimanded and negatively evaluated him;  failed to post an opening for which Desai was qualified;  withheld a salary increase for Desai;  and stripped Desai of his supervisory duties and responsibilities.

Desai further contends that in 2003, Kelly submitted expense accounts and reimbursement claims that were in violation of established policies and state law.  Amended Complaint, ¶ 40.  Desai informed Kelly in October, 2003, that as Chief

---

[5]*See* Amended Complaint, ¶ 16-27.  Kelly told other employees that his Asian-Indian "cultural upbringing and race" made him difficult to deal with and adversely affected his performance evaluations.

Financial Officer he, Desai, would not sign off on her expense reimbursement requests. *Id.* at ¶ 41.  From that point forward, says Desai, "Ms. Kelly embarked upon a systematic and calculated course of harassment directed toward Desai" in retaliation. *Id.* at ¶ 42.  The alleged harassment included withholding budget reports and falsely informing the Agency's Board of Directors that Desai had not prepared reports on a timely basis.  *Id.* at ¶ 43.

Desai filed a charge of employment discrimination with the Equal Employment Opportunity Commission [EEOC] on January 25, 2005.  On August 9, 2005, Desai received a performance evaluation with an overall score of 2.  MCVS policy required Kelly to offer Desai an Individual Development Plan [IDP] to foster improvement; instead, says Desai, Kelly terminated him without notice the next day.

Desai received a Right To Sue Letter from the EEOC on or about June 27, 2005.  On August 18, 2005, Desai filed a second charge with the EEOC alleging retaliatory termination.  He received a Right To Sue Letter on this charge on or about November 9, 2005.  Desai filed suit on September 23, 2005, and filed his amended complaint on January 19, 2006.

## Rule 12(b)(6) Dismissal

To prevail on a Rule 12(b)(6) motion for dismissal, defendant must show that plaintiff has no provable facts in support of his claims which would entitle him to a judgment against the movant.  *Woodard v. Andrus*, 419 F.3d 348, 350 (5th Cir. 2005) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997);  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In evaluating the claim, the court is to construe the

complaint liberally, accepting as true plaintiff's well-pleaded factual allegations and drawing all reasonable inferences in the light most favorable to the plaintiff.  *Id*. (internal citations omitted).

## Title VII

Title VII of the Civil Rights Act permits an employee to assert a civil claim against an employer who discriminates against the employee on the basis of race, color, religion, sex, or national origin.  Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000(e)-2(a).  Desai alleges unlawful discrimination on the basis of both race and national origin.

Kelly contends she cannot be held individually liable under Title VII;  and further, that she is not liable as "Plaintiff's employer" for actions taken in her official capacity because plaintiff is barred from bringing suit against both Kelly and MCVS.  *See* Memo in support of Motion to Dismiss.  The statute defines employer as a "person engaged in an industry affecting commerce who has fifteen or more employees . . ., and any agent of such a person . . ."  Title 42 U.S.C.A. § 2000e(b).  Kelly does not dispute that as Executive Director she acted as an agent of MCVS.  *See also Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990) (holding that immediate supervisors are "employers" when they have been delegated employer's traditional rights, such as hiring and firing).  She argues, however, that Desai cannot bring a Title VII suit against both the employer MCVS and Kelly as agent of the employer;  therefore, dismissal of any claim against Kelly in her official capacity is also warranted.

The Fifth Circuit has consistently held that an agent/employer may not be sued

as an individual under Title VII.  *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999);  *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994);  *Harvey*, 913 F.2d at 228.  Further, recent cases have made clear that Title VII liability may not be imposed against both an employer and its agent as employer.  *Ackel v. Natl. Communications, Inc.*, 339 F.3d 376, 382 (5th Cir. 2003); *Thomas v. Choctaw Mgmt. Services*, 313 F.3d 910, 911 (5th Cir. 2002); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002);  *Indest*, 164 F.3d at 262 (noting a Title VII suit against an agent incorporates *respondeat superior* liability and is actually a suit against the corporation). An individual qualifies as an employer under Title VII solely for purposes of imputing liability to the actual employer when the individual's authority over the plaintiff is that of an employer.  *Vance v. Union Planters Corp.*, 279 F.3d 295, 299 (5th Cir. 2002). Simultaneous judgments would potentially subject the employer to double liability under *respondeat superior*.  *Indest*, 164 F.3d at 262.

The law is clear on this point.  Kelly may not be sued in her individual capacity for her actions and, while she is potentially liable under Title VII for her actions as agent/employer, plaintiff may not seek judgment against both defendants in this suit. Therefore, the court is persuaded that dismissal of Desai's Title VII claim against Kelly is warranted.

### Mississippi Tort Claims Act

The Mississippi Tort Claims Act ["M.T.C.A.] provides the exclusive remedy for civil suit against a governmental entity and its employees.  Miss. Code Ann. § 11-46-7;[6]

---

[6]Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-7 provides the exclusive remedy against a governmental entity, or its employee in a civil suit arising out of acts within the course

*see also Stewart ex re. Womack v. City of Jackson*, 804 So.2d 1041 (Miss. 2002).  An employee is liable in his or her individual capacity only where the employee acted outside the course and scope of employment, either criminally or with malice.  *Id.*

Kelly claims to have acted within the course and scope of her employment and contends that individual liability for such actions and/or an award of punitive damages are not permitted under the M.T.C.A.  Desai now concedes that state law claims against Kelly as a named individual defendant are barred.  Further, Desai concedes that claims for punitive damages are not warranted against either defendant.

### Plaintiff's Motion to Amend Adding Title 42 U.S.C. § 1983 Claim

Plaintiff seeks leave pursuant to Federal Rule of Civil Procedure 15[7] to amend his original complaint to add a § 1983 claim against the defendants.  Plaintiff asserts that the same factual circumstances between the same parties alleged in the earlier complaint will provide support for this claim and further, that addition of this claim will not prejudice the defendant.

Defendant asserts that such amendment will warrant a responsive claim of qualified immunity and that subsequent pleadings may necessitate a change in the trial date currently set for March, 2007.  Defendant does not, however, raise a claim of prejudice if the motion to amend is granted.

---

and scope of such employment, within the scope of this Act.  No employee may be held individually liable unless the acts complained of constitute "fraud, malice, libel, slander, defamation, or any criminal offense."

[7]Fed. R. Civ. Proc. 15 permits a party, after responsive pleadings have been filed or a trial date has been set, to seek leave of the court to amend the pleading.  Leave is "freely given when justice so requires."  F.R.C.P. 15(a).  An amendment relates back to the date of the original pleading when the amended claim asserted arises out of "the conduct, transaction, or occurrence set forth . . . in the original pleading."  F.R.C.P. 15(C)(2).

**Conclusion**

The court finds that Title VII does not provide a basis for individual suit against defendant Kelly, nor does it permit suit to proceed against both MCVS and Kelly. Plaintiff concedes his claim for punitive damages against all defendants as well as his state law claims against Kelly. Therefore, defendant Kelly's motion to dismiss is granted.  Plaintiff's motion to amend is likewise granted, with the following schedule set forth:

1.  Plaintiff has 10 days from this date, August 30, 2006, to file the amended complaint adding his § 1983 claim.

2.  Defendant has 10 days thereafter to file responsive motions.

3.  Plaintiff will be allowed the regular time to respond.

4.  A hearing on the motion and responsive pleadings will be held before the Court on Tuesday, October 17, 2006, at 4:00 p.m.

**SO ORDERED AND ADJUDGED, this the 19th day of September, 2006.**


**s/ HENRY T. WINGATE**

**_____**
**CHIEF UNITED STATES DISTRICT JUDGE**

ORDER
CIVIL ACTION NO. 3:05cv583