**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

HITESH R. DESAI                                                                                                PLAINTIFF

V.                                                                                      CIVIL ACTION NO. 3:05-cv-583WS

MISSISSIPPI COMMISSION FOR VOLUNTEER
SERVICE; and MARSHA MEEKS KELLY                                                              DEFENDANTS

**ORDER**

Before the court is defendants' motion for summary judgment [docket # 45]. The court, having heard oral argument on the motion, finds the following:

Under Federal Rule Civil Procedure 56(b)[1] and (c),[2] defendant may test the sufficiency of plaintiff's complaint. Defendant may seek to point out deficiencies in proof and plaintiff is obligated to come forward with facts sufficient to submit to a trier of fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must first determine if there are genuine issues of material fact. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004). Should the court find that material factual disputes exist, the court cannot grant summary judgment. *Id.* If the court finds no issues of material fact and the law favors the movant, summary judgment is appropriate. *Id.*

The court finds that there are disputed facts on all of plaintiff's claims except plaintiff's First Amendment retaliation claim, which is disfavored under recent Supreme

---

[1] Federal Rule Civil Procedure 56(b) permits a defendant to move, at any time, for a summary judgment in that party's favor as to any or all claims asserted.

[2] Federal Rule Civil Procedure 56(c) renders summary judgment appropriate where "there is no genuine issue as to any material fact, and []the moving party is entitled to a judgment as a matter of law."

Court jurisprudence. *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006). In *Garcetti*, the Court held that the location and subject matter of Ceballos's speech were non-dispositive of his First Amendment retaliation claim, noting that under some circumstances statements made at the workplace or on matters relating to the speaker's job constitute protected speech. *Id.* at 1959. The dispositive factor in *Garcetti* was that the comments at issue were made pursuant to claimant's professional responsibilities, and were thus subject to "the exercise of employer control over what the employer itself has commissioned or created." *Id.* at 1960. As in *Garcetti*, plaintiff's speech was pursuant to employment responsibilities. As Chief Financial Officer, Desai had a duty to voice concerns over expenditures and related financial matters. This takes him outside the protection of the First Amendment because he has not otherwise disclosed concerns to the public.

Plaintiff's state law claim requires him to show that even though an at-will employee, he was terminated because he would not support an illegal act. *McArn v. Allied Bruce-Terminiz Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993).[3] The court will not dismiss this claim at present, but plaintiff must go further than evidence of discriminatory intent and show a causal link between a refusal to support an illegal act and his subsequent termination.

This court, at present, is not persuaded by defendants' argument that MCVS is a discrete agency with fewer than fifteen employees. Legislative language, along with other submissions to the court, suggests otherwise. If the court is later persuaded on

---

[3] Mississippi law carves out a narrow public policy exception to the at-will employment doctrine which permits an employee at-will to bring a wrongful discharge claim for termination based on 1) refusal to participate in illegal activity, or 2) reporting the alleged illegal activity of his employer to the employer or anyone else.

this argument, the case must be dismissed.  Presently, this remains an area of disputed fact.

Accordingly, the court DENIES summary judgment as to all claims except the First Amendment retaliation claim, and GRANTS summary judgment as to that First Amendment claim alone.

SO ORDERED, this the 9th day of March, 2007.

> s/ HENRY T. WINGATE
> CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO.3:05-cv-583WS
Order